**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-62094-Civ-Scola

**JANAY CRUZ-FERNANDEZ**,

Plaintiff,

v.

**KAN ZAMAN BMY INC.**
*d/b/a* **KAN ZAMAN HOOKAH CAFE**, *a Florida corporation,*
**HAITHAM HUSSEIN ZBIB**, *individually,*
and **ALI ZBEEB,**

Defendants.
______________________________/

## REPORT AND RECOMMENDATION ON PLAINTIFF JANAY CRUZ-FERNANDEZ'S MOTION FOR DEFAULT FINAL JUDGMENT

This matter is before the Court upon the Honorable Robert N. Scola's Order Referring Motion to Magistrate Judge, referring Plaintiff Janay Crus-Fernandez's ("Plaintiff") Amended Motion for Default Judgment (the "Motion") [ECF No. 20] against Defendant, Kan Zaman BMY Inc. ("Defendant") to the Undersigned for a report and recommendation. *See* ECF No. 21. Having reviewed Plaintiff's Motion, the record, and relevant legal authorities, for the reasons provided herein, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff was first hired by Defendant to work as a server from January 2023 through October 2023, at which time she was paid $10.00 per hour plus tips. Compl. ¶ 19. During that time, Plaintiff worked overtime for approximately 36 weeks but

was not compensated time and one half. *Id*. Plaintiff also alleges that on September 30, 2023, minimum wage increased from $11.00 to $12.00, but Defendant continued paying $10.00 per hour for October 2023. *Id*. ¶ 22. Defendant rehired Plaintiff in June 2024 at which time she was paid $12.00 per hour plus tips. *Id* ¶ 23. However, Plaintiff was not paid her full payment of tips for the weeks of August 26, 2024 and September 16, 2024. *Id*. ¶ 26. Subsequently, on October 6, 2024, Plaintiff was terminated in retaliation for demanding compensation for unpaid overtime and unpaid tips. *Id*. ¶ 48.

**PROCEDURAL BACKGROUND**

Plaintiff filed the complaint in this action on November 5, 2024, alleging Defendant's violation of the Fair Labor Standards Act (the "FLSA") and the Florida Minimum Wage Act (the "FMWA") [ECF No. 1] ("Complaint").[1] An executed return of service was properly docketed which reflects that Defendant's registered agent was served with the Complaint in this matter on December 10, 2024 at 5:40pm. *See* ECF No. 7.[2] Defendant's registered agent, Elaine Johnson James, filed a declaration attesting that "[a]fter being served with the Complaint of Janay Cruz-Fernandez against Kan Zaman BMY, Inc., [she] forwarded it to Haitham Zbib via email on December 16, 2024 and asked him to acknowledge receipt of the email." James Decl.,

[1] The Complaint asserts claims against three (3) defendants; however, Defendants Haitham Hussein Zbib and Ali Zbeeb were voluntarily dismissed by Plaintiff. *See* ECF No. 19.

[2] Under the Federal Rules of Civil Procedure, service of process on a corporation may be effectuated by delivering a copy of the summons and complaint to an agent authorized by law to receive service. Fed. R. Civ. P. 4(h)(1)(B). Florida authorizes service on a corporation via a designated registered agent. Fla. Stat. § 48.091(2).

¶ 5 ("Declaration"), ECF No. 22. However, "Mr. Zbib never acknowledged receipt of [the] email." *Id.* ¶ 7.

Plaintiff filed a Motion for Clerk's Entry of Default as to Kan Zaman BMY Inc. on January 6, 2025. *See* ECF No. 10. On January 7, 2025, the clerk entered a clerk's default against Defendant. *See* ECF No. 11. Plaintiff filed her first Motion for Default Judgment Against Defendant on January 21, 2025, *see* ECF No. 12,[3] which was denied without prejudice. Plaintiff's Renewed Motion for Entry of Final Default Judgment as to Defendant, *see* ECF No. 14, was also denied due to the possibility of inconsistent judgments seeing that two individual defendants remained unserved. *See* ECF No. 16.[4] After voluntarily dismissing the two individual defendants that remained unserved, Plaintiff filed the instant Motion.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "After the clerk enters a default, the Court is authorized to enter a final default judgment if the party seeking it applies for one." *Univ. of Miami v. Caneup, LLC*, No. 23-cv-23829, 2024 WL 4500790, at *3 (S.D. Fla. October 16, 2024) (citing Fed. R. Civ. P. 55(b)(2)); *see also* Fed. R. Civ. P. 55(b)(2) ("In

---

[3] Plaintiff's Motion for Default Judgment Against Defendant was denied without prejudice for lacking the substance required for the requested relief. *See* ECF No. 13.

[4] Plaintiff filed a motion for reconsideration of the Court's denial of her second request for default judgment. ECF No. 17. The Motion for Reconsideration was denied on February 2, 2025. *See* ECF No. 18.

all other cases, the party must apply to the court for a default judgment."). However, "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015). "Thus, before entering a default judgment for damages, the complaint must state sufficient facts to support a substantive cause of action and include a sufficient basis for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' as set forth in the operative complaint." *Univ. of Miami*, 2024 WL 4500790 at *3 (quoting *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016)).

Once liability has been established, the court must assess damages. The court may examine affidavits submitted and, at its own discretion, conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. *See PNC BANK, N.A. v. Kool Stuff Designs, LLC, et al.*, No. 24-cv-61283, 2024 WL 4652130, at *3 (S.D. Fla. October 31, 2024) (quoting Fed. R. Civ. P. 55(b)(2)).

## LIABILITY

### A. Violation of FLSA Overtime Provisions (Count I)

The FLSA requires employers to pay overtime to certain employees "at a rate not less than one and one-half times the regular rate at which he is

employed." 29 U.S.C. § 207(a). To establish a claim for unpaid overtime under the FLSA, a plaintiff must allege: (1) the plaintiff was employed by the defendant during the time period involved; (2) the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) the defendant failed to pay the plaintiff overtime compensation. *See Kwasnik v. Charlee Family Care Servs. of Cent. Florida, Inc.*, No. 6:08–cv–926–Orl–31KRS, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009). For element 2, "[a]lleging enterprise liability is not onerous; rather, it requires that a plaintiff identify his work and provide only straightforward allegations connecting that work to interstate commerce, as well as at least bare bones allegations that gross sales exceed $500,000." *Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-CIV-ROSENBAUM, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013).

Plaintiff satisfies the elements required to plead violation of FLSA overtime provisions. Plaintiff alleges, at all times material, Defendant was Plaintiff's employer for purposes of the FLSA. Compl. ¶ 8. Defendant was the employer or former employer of Plaintiff. *Id.* ¶ 10. Defendant was and continues to be an enterprise engaged in commerce within the meaning of the FLSA. *Id.* ¶ 11. Defendant regularly owned and operated a business engaged in commerce. *Id.* ¶ 12. Defendant's annual gross revenue was in excess of $500,000. *Id.* ¶ 13. Defendant purchases goods that have been transported from across state lines of other states. *Id.* ¶ 14. Plaintiff was "actually or so closely related to the movement of commerce while she worked for Defendant[] that the Fair Labor Standards Act applies to Plaintiff's work for

Defendant[].” *Id.* ¶ 15. Plaintiff was engaged in commerce. *Id.* ¶ 17. For “approximately 36 weeks,” Plaintiff “averaged 45 hours per week,” and “she only received straight time for those hours worked in excess of 40 rather than time and one-half as required by law.” *Id.* ¶ 19. These allegations are sufficient to establish Defendant’s liability for violating FLSA’s overtime provisions.

**B. Violation of FLSA Tip Theft Provision (Count II)**

To state a claim for unpaid tips under the FLSA, Plaintiff must demonstrate: “(1) Defendant employed [her], (2) either [she] was engaged in interstate commerce or Defendants were an enterprise engaged in interstate commerce, and (3) Defendants did not pay [her] . . . tips.” *Cortez v. Hellenic Republic, Inc.*, No. 0:24-CV-60999, 2025 WL 297362, at *2 (S.D. Fla. Jan. 8, 2025). Plaintiff has already established the first two elements of her claim. *See supra* § A. Therefore, the Court solely analyzes whether Plaintiff alleges facts to show Defendant did not pay her tips. Plaintiff alleges that she “was also shorted on her tips for the week of August 26 in the amount of $100.00” and $264.00 for the week of September 16. Compl. ¶ 26. Accordingly, the Court is satisfied with the allegations set forth to establish Defendant’s liability for unpaid tips.

**C. Violation of FMWA (Count III)**

To prevail on a claim under the FMWA, Plaintiff must satisfy “the same elements” required under the FLSA: (1) “[P]laintiff was employed by an employer covered by the FLSA during the time period involved”; (2) “[P]laintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce”; and (3) “[Plaintiff’s]

employer failed to pay the plaintiff the minimum wage compensation required by law." *Nilaj v. MGO, LLC*, No. 8:23-cv-2671-WFJ-NHA, 2024 WL 3426884, at *4 (M.D. Fla. July 15, 2024). Because the Court finds that Plaintiff satisfied the elements required under the FLSA and Plaintiff sufficiently alleged that Defendant failed to pay minimum wage compensation, *see* Compl. ¶¶ 22, 46, the Court finds Defendant liable to Plaintiff for violation of the FMWA.

**D. Violation of § 215(a)(3)**

The FLSA deems it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding. . . ." 29 U.S.C. § 215(a)(3). "In the Eleventh Circuit, an oral complaint about an alleged violation of the FLSA is enough to trigger anti-retaliation coverage." *Lopez v. La Hacienda Mexican Grill, Inc.*, No. 8:13-cv-350-T-33MAP, 2013 WL 2949137, at *4 (M.D. Fla. June 14, 2013) (citing *EEOC v. White & Sons Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989)).

In her Complaint, Plaintiff alleges that "shortly after Plaintiff exercised her federally protected rights by demanding that Defendants provide her with unpaid overtime and her tips," Defendant "retaliated against her by terminating her employment on October 6, 2024." Compl. ¶ 48. Since Defendant has admitted these allegations by its default, the Court finds that Plaintiff engaged in protected activity and Defendant impermissibly retaliated against Plaintiff for that activity, in violation of 29 U.S.C. § 215(a)(3).

**DAMAGES**

Under the FLSA, employers who violate the provisions of section 206 or section 207 are "liable to [their] employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Furthermore, "[a]ny employer who violates the provisions of section 215(a)(3) . . . shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . ., including . . . the payment of wages lost and an additional equal amount as liquidated damages." *Id.*

Federal Rule of Civil Procedure 55(b)(2) does not require a district court to conduct an evidentiary hearing before determining the amount of damages. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). Indeed, the very language of Rule 55(b)(2) states, "[t]he court *may* conduct hearings . . . when, to enter or effectuate judgment, it needs to determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B) (emphasis added). "The district court may forego a hearing where all essential evidence is already in the record." *Giovanno*, 804 F.3d at 1366 (quotation marks omitted). Here, the necessary evidence is already in the record as exhibits to Plaintiff's Renewed Motion for Entry of Final Default Judgment. "Plaintiff did not attach exhibits to the Motion, so the undersigned will refer to the exhibits attached to the [renewed] version of this Motion" filed on February 3, 2025 [ECF No. 14-1] ("Declaration"). *United States v. Lang*, No. 3:15-CV-994-J-32JBT, 2016 WL 11581066, n.6 (M.D. Fla. June 29, 2016), *report and recommendation adopted*, No. 3:15-CV-994-

J-32JBT, 2016 WL 11581144 (M.D. Fla. Dec. 12, 2016) (analyzing exhibits of a previously-filed motion for default judgment where Plaintiff did not attach exhibits to the later-filed version of the motion).

**Unpaid Overtime.** The Declaration states that Plaintiff was paid $10.00 per hour plus tips from January 2023 to October 2023 although minimum wage was $11.00. Decl. ¶ 2. Plaintiff worked an average of 45 hours for approximately 36 weeks where she only received "straight time" for those hours she worked in excess of 40 hours "rather than time and one-half." *Id*. Plaintiff states that "[f]rom January 2023 through the end of September 2023, [she] was denied overtime pay of approximately $880.00 calculated as follows: (5 hours overtime x 32 weeks x $11/hr x .5)." *Id*. For October 2023, Plaintiff stated that she was denied approximately $120.00 in overtime pay "calculated as follows: (5 hours of overtime x 4 weeks x 12/hr x .5)." *Id*. Moreover, Plaintiff avers that she was rehired in June 2024 at the rate of $12.00 and continued working to October 6, 2024. *Id*. ¶ 4. Plaintiff worked an average of 48 hours per week for 16 weeks and states she "is owed the following overtime for this period: 16 weeks x 8 hours x 12 x .5)," totaling $768.00. Based on the above calculation, Plaintiff is entitled to **$1768.00** in unpaid overtime compensation and an equal sum in liquidated damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee . . . in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.").

**Unpaid Minimum Wages.** Plaintiff avers that she was "underpaid by

$1,280.00 calculated as follows: ($1.00 x 40 hours/week x 32 weeks)." Decl. ¶ 3. Moreover, Plaintiff states that during the month of October 2023, she was paid $10.00 per hour although minimum wage increased to $12.00. *Id*. As a result, Plaintiff claims she is owed an additional $320.00 calculated as follows: 40 hours x $2.00 x 4 weeks. *Id*. Seeing that Plaintiff was only paid $10.00 per hour despite minimum wage increasing over the course of her employment, the Court finds that Plaintiff is owed **$1,600.00** in unpaid minimum wages.

**Unpaid Tips.** Concerning Plaintiff's unpaid tips, Plaintiff is owed a total of **$364.00** from the week of August 26 and the week of September 16. *Id*., ¶ 7.

**Retaliation**. Plaintiff contends that she is owe $6,395.00 in lost net wages due to Defendant's retaliatory termination. *Id*., ¶ 9. Plaintiff asserts that at the time of her termination, she earned $865.00 weekly. Specifically, Plaintiff calculates her lost gross wages since her termination as $12,110.00 ($865.00 x 14 weeks), and her interim earnings since termination as $5,715.00. *Id*. The Court is satisfied with Plaintiff's calculation of her lost net wages. Therefore, Plaintiff is owed **$6,395.00** for Defendant's retaliatory termination of her employment.

**Liquidated Damages.** As noted above, the FLSA provides for "an additional equal amount as liquidated damages" to those aggrieved by their employer's violation of the FLSA. 29 U.S.C. § 216(b). Therefore, Plaintiff is entitled to liquidated damages in the amount of **$10,127.00** ($1768.00 in unpaid overtime + $1,600.00 in unpaid minimum wages + $364.00 in unpaid tips + $6,395.00 for retaliatory termination).

**E. Conclusion**

For the foregoing reasons, the Court recommends that Plaintiff Janay Cruz-Fernandez's Amended Motion for Default Judgment be **GRANTED** and that default final judgment be entered against Kan Zaman BMY, Inc. and in favor of Plaintiff Janay Cruz-Fernandez. The Court recommends that Plaintiff be awarded damages totaling $20,254, consisting of $1768.00 in unpaid overtime, $1,600.00 in unpaid minimum wages, $364.00 in unpaid tips, $6,395.00 for retaliatory termination, and $10,127 in liquidated damages, together with statutory interest. The Court further recommends that jurisdiction be reserved to award attorney's fees and costs.

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; S.D. Fla. Mag. R. 4(a).

**SIGNED** this 22nd day of July, 2025.

Enjoliqué A. Lett

ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Robert N. Scola**
**All Counsel of Record**